IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

| | | |
|---|---|---|
| THURMAN FULLER, *et al.*, | § § § | |
| Plaintiffs, | § § | |
| v. | § § | Civil Action No. 4:20-cv-00297-P-BP |
| RABALAIS OIL AND GAS, | § § § | |
| Defendant. | § § § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Before the Court are Defendant's Motion for Summary Judgment with Brief and Appendix in Support, filed July 23, 2021 (ECF Nos. 41, 42, 43, respectively); Plaintiffs' Motion in Opposition, filed September 3, 2021 (ECF No. 56); and Defendant's Reply, filed September 14, 2021 (ECF No. 57). United States District Judge Mark T. Pittman automatically referred this case to the undersigned pursuant to Special Order 3. ECF No. 2 After considering the pleadings, summary judgment evidence, and applicable legal authorities, the undersigned **RECOMMENDS** that Judge Pittman **GRANT** Defendant's Motion for Summary Judgment.

I.    **BACKGROUND**

On March 30, 2020, seven siblings, Thurman Fuller, Clara Fuller, Grace Fuller, George Fuller, Elizabeth Donell, Louise Sawyer, and Patricia Dockery (collectively, "Plaintiffs") sued Rabalais Oil and Gas ("Defendant") for unpaid royalties arising from Defendant's alleged drilling in Columbia County, Arkansas. ECF No. 1. According to their Complaint, Plaintiffs "recently discovered that they are heirs to a tract of land on the Grayson Smackover Lime Unit in Columbia County, Arkansas" (the "Property"). *Id.* at 2. Plaintiffs maintain that Defendant has engaged in oil

and gas production on the Property and seek "damages to compensate for Rabalais' nonpayment of the royalties accrued from 1993 to present." *Id.* at 3.

This case represents another chapter in a saga of lawsuits Plaintiffs have brought against several defendants for the same allegation. *See, e.g.*, *Fuller v. Hibernia Oil*, No. H-19-1670, 2021 WL 2559455 (S.D. Tex. May 19, 2021); *Fuller v. Atl. Expl.*, No. 1:20-cv-01019, 2021 WL 1732505 (W.D. Ark. May 3, 2021); *Fuller v. Petro-Chem Op. Co.*, No. 5:20-cv-00185, 2020 WL 5539796 (W.D. La. Aug 4, 2020); *Fuller v. Lion Oil Trading & Transp., LLC*, 1:19-cv-1020, 2020 WL 3057392 (W.D. Ark. June 9, 2020), *aff'd* 848 F. App'x 223 (8th Cir. 2021). All of Plaintiffs' prior cases were dismissed, and on July 23, 2021, Defendant filed its Motion for Summary Judgment ("Motion") with Brief and Appendix in Support seeking the same result. ECF Nos. 41-43. Defendant makes two arguments for summary judgment: (1) it never extracted minerals from the Property and thus has no earnings from which royalties could or should have been paid to Plaintiffs or anyone else; and (2) Plaintiffs conveyed their royalty interest to a third party in 1994 and thus would have no entitlement to royalties even if Defendant had extracted minerals from the Property. ECF No. 42 at 2.

## II.   LEGAL STANDARD

Summary judgment is appropriate when a court reviews all pleadings, evidence, and justifiable inferences in the light most favorable to the non-moving party and finds no genuine issue of material fact. Fed. R. Civ. P. 56(c); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 251–52 (1986). To make this determination, courts must ask "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. The moving party bears the burden of proving no genuine issue of material fact exists. *Provident Life & Accident Ins. Co. v. Goel*, 274

F.3d 984, 991 (5th Cir. 2001). To meet this burden, the movant must "identify[] those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)).

When facing a motion for summary judgment, the nonmovant "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tenn. Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255–57). Evidentiary citations must be specific, and the party "must support each assertion by citing each relevant page of its own or the opposing party's appendix." Local Civil Rule of the Northern District of Texas 56.5(c). The court cannot consider evidence outside the summary judgment record. *Alverson v. Harrison Cnty, Miss.*, 643 F. App'x 412, 415 (5th Cir. 2016). To survive summary judgment, this Court requires the nonmovant to "designate specific record facts which establish that there is a genuine issue of material fact. Neither conclusory allegations nor unsubstantiated assertions will satisfy the nonmovant's burden . . . [and u]nsupported allegations cannot defeat a properly supported summary judgment motion. *Howard v. Home Depot*, No. 3-03-cv-880-D, 2004 WL 389096, at *1 (N.D. Tex. Mar. 1, 2004), *rec. adopted*, 2004 WL 580067 (Mar. 18, 2004).

Federal Rule of Civil Procedure 56(c) "mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case." *Celotex*, 477 U.S. at 317. This does not change merely because the nonmovant appears pro se. *Morgan v. Fed. Express Corp.*, 114 F. Supp. 3d 434, 437 (S. D. Tex. July 10, 2015). Although courts afford pro se litigants significant grace in drafting their pleadings and presenting their case, "[t]he court has no

3

obligation to 'sift through the record in search of evidence' to support the nonmovant's opposition to the motion for summary judgment." *Id.* (quoting *Forsyth v. Barr*, 19 F.3d 1527, 1537 (5th Cir. 1994)).

## III.   ANALYSIS

Defendant argues that summary judgment is appropriate because (1) Defendant has no commercial connection to the Property; and (2) Plaintiffs conveyed the relevant royalty interests to the Atlanta Exploration Company in 1994. ECF No. 42 at 2. If Defendant is correct on the first issue, then no genuine issue of material fact remains on the second. Even if Plaintiffs prove they did not authorize the alleged royalty conveyance, Defendant does not owe them royalty for production from the Property if it never extracted minerals from the Property. As explained below, the undersigned finds that summary judgment is fitting because Defendant never conducted oil and gas operations on the Property, and the disputed royalty conveyance is thus immaterial.

### A.   Defendant has no commercial connection to the Property.

The Complaint concisely articulates the summary judgment issues at hand by stating that Plaintiffs' "claims against Rabalais stem[] from their names being forged on an oil and gas lease and conveyance that conveyed their mineral rights and royalty interests to Atlanta Exploration Company [issue two], where Rabalais extracted minerals but did not pay any royalties to the Plaintiffs [issue one]." ECF No. 1 at 2. The latter clause highlights the issue of Defendant's alleged extraction of minerals from the Property, the condition upon which Plaintiffs' unjust enrichment claim rests. However, Defendant argues that:

> Defendant has had no involvement with the Property whatsoever. Defendant has never drilled or operated any oil or gas well on the Property, and Defendant has not otherwise extracted any minerals from the Property. Defendant has never been responsible for distributing royalty payments attributable to oil and gas production from the Property. Defendant was not involved with the negotiation, execution, or recording of the Leases or

> the Royalty Conveyances. Defendant has not received any money or income that is attributable to oil and/or gas production from the Property.

ECF No. 42 at 3–4 (citations omitted). If true, that contention unravels Plaintiffs' Complaint, which is explicitly predicated on the assertion that "Defendant has been and will in the future be unjustly enriched by . . . income from the subject minerals without paying Plaintiffs amounts owed them pursuant to their overriding royalty interests." ECF No. 1 at 3.

After reviewing the summary judgment evidence, the Court must decide if Plaintiffs' case presents "a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Anderson*, 477 U.S. at 251–52. Here, the summary judgment record proves Defendant never produced minerals from the Property, contrary to Plaintiffs' assertions otherwise. *See* ECF No. 43 at 45 (Ex. C). While the evidence presented to negate Defendant's connection to the Property is a certified statement from Fred Rabalais, President of Defendant Rabalais Oil and Gas, the situation does not lend itself to large evidentiary showings from external sources of information, because Defendant must essentially argue for the non-existence of a fact—whether it currently has, or ever has had in the past, any production operations on the Property. Thus, this evidentiary showing meets Defendant's burden as the moving party, because Defendant specifically references sources in the record "which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323.

Plaintiffs had the chance to offer evidence and make arguments to undermine Defendant's evidentiary showing, but did not do so. Given Defendant's reliance on its president's statement to prove its non-involvement with the Property, Plaintiffs' burden to defeat summary judgment was relatively easy. Had Plaintiffs produced any evidence—be it a contract, a plot map that named oil companies operating in the area, a receipt for well operations expenditures, a photograph, production records from the State of Arkansas, or anything else tying Defendant to the Property—

5

summary judgment would be improper. However, they did not offer a single piece of evidence despite their allegations that Defendant extracted minerals or otherwise profited from operations on the Property. ECF Nos. 1, 56. Plaintiffs argue that "Defendant has not presented any evidence of its non-involvement, with the exception of Fred Rabalais' Declaration[,]" and note that "Arkansas does not require oil companies to file with the Oil & Gas Commission." ECF No. 56 at 1. However, individuals cannot sue for unjust enrichment without a scintilla of evidence the defendant was enriched. Plaintiffs were unable to produce that much, but instead relied on conjectural arguments and nebulous appeals to sources not provided in the summary judgment record. *See, e.g.*, ECF No. 56-1 at 2–6.

Because the materials referenced in Plaintiffs' Response were not part of the summary judgment record, the Court is unable to consider them in its summary judgment analysis. *Alverson*, 643 F. App'x at 415. Moreover, though Plaintiffs argue that Rabalais would "not incriminate himself, because he has the right to by pass [sic] the Oil & Gas Commission," his Declaration provides sufficient evidence to show the absence of a genuine issue of material fact. ECF No. 56 at 1. When the nonmoving party offers no evidence of any kind to show a genuine issue of material fact, very little is required for the movant to carry the day. *Celotex*, 477 U.S. at 249 (discussing *First Nat'l Bank of Ariz. v. Cities Serv. Co.*, 391 U.S. 252, 290 (1968)). Because Plaintiffs do not provide specific factual information by which their claims could be verified, they fail to persuade that any genuine issue of material fact remains and cannot defeat summary judgment. *Howard*, 2004 WL 389096, at *1.

This is particularly true because Plaintiffs sue under an unjust enrichment theory, and actual enrichment is an essential element of that claim. Whether the law of Texas, Arkansas, or anywhere else applies to the dispute, one cannot sue for unjust enrichment without proving the

essential element of enrichment. *See Digital Drilling Data Servs., LLC v. Petrolink Servs.*, 965 F.3d 365, 378 (5th Cir. 2020) ("To prevail on a Texas unjust enrichment claim requires showing that one party has obtained a benefit from another by fraud, duress, or the taking of an undue advantage."); *Fairless v. CJH, LLC*, No. 2:09-cv-02065-SWW, 2010 WL 2134225, at *5 (W.D. Ark. May 27, 2010) ("[R]egardless of which state's law applies, in order to succeed with an unjust enrichment claim, [the Plaintiff] must show that the defendants were 'unjustly' enriched—that they retained a benefit under circumstances such that retention without payment would be inequitable."). A moving party is "entitled to a judgment as a matter of law" when "the nonmoving party has failed to make a sufficient showing on an essential element of [its] case . . . ." *Celotex*, 477 U.S. at 323. Plaintiffs have not offered evidence to prove an essential element of their case, so Defendant is entitled to summary judgment. *Id.*

### B. The disputed royalty conveyance is immaterial because Defendant has no connection to the Property.

The parties devote much of their pleadings to Plaintiffs' alleged 1994 conveyance of royalty interests in minerals extracted from the Property. *See, e.g.*, ECF Nos. 42 at 2-3; 56 at 3-6; 57 at 5-7. Defendant asserts that Plaintiffs conveyed their one-eighth royalty interest to Atlanta Exploration Company, as evidenced by executed instruments registered with the Columbia County Land Records Office to that effect. *See* ECF No. 42 at 22-42 (Exs. B-1 through B-7). Defendant points to language within the conveyance documents stating that Plaintiffs "direct[] all persons responsible for paying and/or delivering the royalties subject to this instrument to commence paying and/or delivering the subject royalties to Grantee." *Id.*

Plaintiffs respond that "Defendant has not done any research to confirm that the other oil companies' claims are valid" and argue that Defendant "piggybacked off [the other oil company's] claims and conspired with them while Atlanta Exploration Company . . . filed fraudulent public

records because it was confident Plaintiffs would never discover their fraudulent scheme of conspiracy; unjust enrichment; and fraudulent concealment." ECF No. 56 at 1. The parties' arguments then devolve into far-ranging discussions on statutes of limitations, choice-of-law analyses between Texas and Arkansas state law, and the availability of tolling for Plaintiffs' fraud allegations. *See* ECF Nos. 42 at 2–3; 56 at 3–6; 57 at 5–7. However, these arguments are red herrings that risk conflating the issues in light of the threshold matter that Defendant has no commercial connection to the Property and thus owes no royalties for production operations it never undertook.

At first glance, the conveyance dispute looks like a genuine issue of material fact: the operative document purportedly conveys Plaintiffs' interest in the contested royalties to a third party, while Plaintiffs contend that the document was forged and thus void. But this argument confuses secondary and tertiary concerns with primary concerns. Even if Plaintiffs presented a persuasive argument that the conveyance documents were forged and thus void, and further demonstrated that their claim is not time-barred, winning that argument would be a Pyrrhic victory in the absence of evidence connecting Defendant to the Property. *See Celotex*, 477 U.S. at 248 ("Only disputes over facts that might affect the outcome of the suit under the governing law will properly preclude . . . summary judgment. Factual disputes that are irrelevant or unnecessary will not be counted.").

Because the summary judgment evidence proves Defendant had no commercial operations on, and thus generated no income from, the Property, then no genuine issue of material fact remains for the Court's resolution. As the Supreme Court noted in *Celotex*, when the nonmoving party fails to prove a material element of its claim, "there can be no genuine issue as to any material fact, since a complete failure of proof concerning an essential element of the nonmoving party's case

upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996) (en banc).

    **SIGNED** on September 24, 2021.

_____
Hal R. Ray, Jr.
UNITED STATES MAGISTRATE JUDGE